| iMURRAY, Judge,
dissenting.
The majority opinion discusses the standard of review for a summary judgment, noting that: all inferences drawn from the evidence must be construed in the light most favorable to the party opposing the motion; that summary judgment is inappropriate even though the trial court doubts the opposing party’s ability to establish disputed facts; and that the fact that a party is unlikely to prevail at trial on the merits is not a sufficient basis for granting summary judgment. The majority then affirms a summary judgment based on a document, which when construed in the light most favorable to USF & G, precludes summary judgment.
In my opinion there exists a genuine issue of material fact as to whether the document signed by Mr. Bell was a waiver or an assignment. The subrogation receipt contains no waiver language, but instead states that “the undersigned subrogates, assigns and transfers ... any and all claims.... ” If the document is a valid assignment of all rights, then the insured .cannot renege on that assignment two years after the assign-ee institutes litigation in exercise of the right assigned. However, because the receipt makes no reference to Upton’s right of Rwaiver under La.R.S. 22:666, we do not know if Mr. Bell signed the subrogation receipt, which thereby assigned Upton’s right to proceed against Gomila, with full knowledge that he could waive such a right. Consequently, there is an additional factual dispute that should preclude summary judgment.
Because there are genuine issues of material fact that should be resolved on the merits, it is my opinion that summary judgment was improperly granted, and I respectfully dissent.